**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Glenn Wright, II, | No. CV-11-00181-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, a municipality; Officer Todd Guilford (Badge No. 8083) and Jane Doe Guilford, husband and wife; Officer Brian Phillips and Jane Doe Phillips, husband and wife; Sheriff Joe Arpaio; Maricopa County Sheriff's Deputies John Doe I-X and Jane Doe Spouses 1-X; John and Jane Does XI-XX, | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss parties City of Phoenix, Officer Todd Guilford, and Officer Brian Phillips ("City Defendants"). (Doc. 14). For reasons discussed below, the motion is granted in part and denied in part.

**BACKGROUND**

Charles Glenn Wright, II alleges that on December 30, 2009, two Phoenix Police Officers, Todd Guilford and Brian Phillips, stopped his car without legal justification, stating only that he looked "Mexican" and that they had been told that a Mexican had broken into a car. (Doc. 7 at ¶¶ 11–12). Defendants handcuffed Plaintiff and transported him to the Maricopa County jail, stating, after an initial identity check, that he was the subject of an

1  outstanding warrant. (*Id.* at ¶¶ 13, 16). Despite Plaintiff's protestations that "he was not the
2  person identified in any alleged warrant," the officers did not conduct an investigation
3  adequate to determine whether he was subject to the warrant. (*Id.* at ¶¶ 14, 15). He was kept
4  in jail for over two weeks, until January 14, 2011, without ever being charged. (*Id.* at ¶¶
5  17–18).

6  Plaintiff's complaint contains four counts. First, he alleges false imprisonment against
7  the arresting officers, deputies at the Maricopa County Jail, the City of Phoenix and Sheriff
8  Joe Arpaio. (*Id.* at ¶¶ 25, 27–28). He next alleges negligence by all Defendants for failure to
9  investigate whether he was truly the subject of an outstanding warrant. (*Id.* at ¶¶ 31–33). He
10 further claims that the officers' actions constituted violations of the Fourth and Fourteenth
11 Amendments to the United States Constitution, attributable both to the officers in their
12 individual capacity and to the City of Phoenix. (*Id.* at ¶¶ 34–35). Finally, he alleges that the
13 City of Phoenix and Maricopa County were negligent in hiring, training, supervising and
14 retaining the officers. (*Id.* at ¶ 36, labeled as ¶ 31).

15 Defendant Officers and Defendant City of Phoenix filed a Motion to Dismiss for
16 failure to state a claim. (Doc. 14). The Motion includes as an attachment what purports to be
17 a Waiver of Extradition signed by "Charles Glenn Wright, III" on December 30, 2009,
18 consenting to be returned to Los Angeles pursuant to pending criminal proceedings. (Doc.
19 14, Ex. 1). Defendants ask that the court take judicial notice of the attachment as a public
20 record, and thereby find that Plaintiff was lawfully arrested pursuant to the California
21 warrant. (Doc. 14). In his response, Plaintiff includes an affidavit that goes into substantially
22 more detail than his complaint, and asks that, should the court take judicial notice of the
23 Extradition Wavier, that it also consider the Affidavit. (*Id.*). Plaintiff alternately requests that,
24 should the court take notice of the Waiver and not the Affidavit, he be given leave to amend
25 his complaint to include the Affidavit. (*Id.*).

26 / / /
27 / / /
28

- 2 -

**DISCUSSION**

**I.   Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.   Judicial Notice of Extraneous Documentation**

Generally, a court may not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). This general rule, however, has two specific exceptions. First, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading,"*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.

1   1999) (alteration in original). Second, a court may take judicial notice of "matters of public
2   record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th
3   Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501
4   U.S. 104 (1991). Even when considering a public record, however, judicial notice is limited
5   to those facts that are "not subject to reasonable dispute." FED. R. EVID. 201(b).

6   Defendants include with their motion a Waiver of Extradition, signed by Charles
7   Glenn Wright, III, consenting to be returned to the State of California to face pending
8   criminal charges there. Defendant asks that the court take judicial notice of this waiver, and
9   consequently to dismiss the claims relating to Plaintiff's arrest because "[a]n arrest made
10  pursuant to a valid arrest warrant is made with lawful authority." (Doc. 14). Plaintiff does not
11  mention the issue of extradition or the signing of this waiver in his complaint, and therefore
12  no judicial notice can be taken under the first exception to Rule 12(b)(6)'s general rule. (Doc.
13  7); *see Knievel*, 393 F.3d at 1076.

14  Taking notice of the waiver in its entirety under the public records exception would
15  also be problematic for a number of reasons. First, and most importantly, the person named
16  in the waiver is "Charles Glenn Wright, III," while the Plaintiff's complaint and response
17  identify him as "Charles Glenn Wright, II." (Doc. 7; Doc. 14, Ex. 1; Doc. 15). Although
18  Defendant states that Plaintiff's counsel has privately admitted that Plaintiff's true name is
19  "Charles Glenn Wright, III," considering that conversation in the context of a 12(b)(6)
20  motion would be improper. (Doc. 14).

21  Even were the Waiver unquestionably signed by the Plaintiff, the Court would not
22  take judicial notice of the underlying facts that Defendants assert it conveys. A waiver of
23  extradition does not necessarily establish the existence of a warrant. In similar circumstances,
24  the Ninth Circuit has held that while a court may note that a waiver exists, it may not take
25  notice of "the validity of [the] waiver, which was as yet unproved." *Lee v. City of L.A.*, 250
26  F.3d 668, 690 (9th Cir. 2001). In addition, Plaintiff's attached Affidavit cannot be considered
27  in the context of a 12(b)(6) motion. *Hal Roach Studios,* 896 F.2d at 1550. Accordingly, this
28  Order will consider only those facts pled on the face of the complaint.

1 **III.    Claims**

2     **A.    Count One - False Imprisonment**

3 In Arizona, a claim of false imprisonment will lie when a person is detained "without his consent and without lawful authority." *Slade v. City of Phx.*, 112 Ariz. 298, 300, 542 P.2d 550, 552 (1975). Here, Plaintiff states that the officers stopped his car, informed him that the reason he was stopped was that they were investigating reports that a Mexican man had broken into a car and that the Plaintiff "looked Mexican." (Doc. 7 ¶¶ 11–12). Plaintiff further states that, after the officers' initial assertion that there was an outstanding warrant against him, and despite his protestations that he was not the subject of any warrant, they arrested him and held him in jail for fourteen days without charging him with any crime. (Doc. 7 ¶¶ 14–17). Defendant states that the court should take judicial notice of the fact that the officers acted with legal authority based upon the submitted Waiver of Extradition, but as discussed above such notice would be improper.

Accepting all of Plaintiff's statements of fact as true, the Court can reasonably infer that Officer Guilford and Officer Phillips lacked probable cause to stop Mr. Wright's vehicle or to arrest him. Under such circumstances, the officers would have lacked legal authority for the detention. Plaintiff's claim for false imprisonment therefore survives dismissal.

    **B.    Count Two - Negligence**

Plaintiff alleges a negligence claim against Officers Guilford and Phillips. He argues that the officers had a duty to determine whether Plaintiff was truly subject to an open warrant, that they breached this duty by failing to conduct an adequate investigation, and that their breach caused Plaintiff to suffer the harm of fourteen days in jail. (Doc. 7 ¶ 30). He further alleges that the City of Phoenix is liable for the actions of its agents under the principle of *respondeat superior*. (*Id.* ¶ 32).

In 1982, the Arizona Supreme Court had held that officers at a juvenile detention facility could be liable to the victim of a crime committed by an inmate whom had negligently been allowed to escape, writing that "the state is liable for the negligent acts of its agents." *Ryan v. State*, 134 Ariz. 308, 310, 656 P.2d 597 (1982); *see also Austin v. City*

- 5 -

1  *of Scottsdale*, 140 Ariz. 579, 684 P.22 151 (1984). The *Ryan* court nevertheless recognized
2  that statutory provisions offered protection "from personal liability for discretionary acts
3  done 'in good faith without wanton disregard of [] statutory duties." *Ryan*, 134 Ariz. at 310
4  *quoting* A.R.S. 41-621(G) *currently numbered* A.R.S. § 41-621(I). The state legislature
5  responded to *Ryan* by passing a statute that limits the liability of public employees to gross
6  negligence for injuries caused by any of ten itemized acts, four of which involve allowing
7  detainees to escape from detention facilities. A. R. S. § 12-820(A).

8        Plaintiff argues that since negligent determination of an arrestee's identity is not listed
9  among those acts protected by the qualified immunity statute, mere negligence governs such
10 a claim. (Doc. 15). However, the same statute elsewhere provides that "this article shall not
11 be construed to affect, alter or otherwise modify any other rules of tort immunity regarding
12 public entities and public officers as developed at common law and as established under the
13 statutes and the constitution of this state." A. R. S. § 12-820.05.  Without reference to the
14 qualified immunity statute, and consistent with the good faith provision of the statute cited
15 by *Ryan*, Arizona state courts have established a common-law immunity from mere
16 negligence for police officers "to assure continued vigorous police work." *Landeros v. City*
17 *of Tucson*, 171 Ariz. 474, 475, 831 P.2d 850, 851 (App. 1992) (quoting *Smith v. State*, 324
18 N.W. 2d 299, 301 (Iowa 1982)). Courts have found that some police department employees,
19 such as 9-1-1 dispatchers, can be liable for mere negligence. *Hutcherson v. City of Phx.*, 188
20 Ariz. 183, 933 P.2d 1251 (App. 1996). However, when hearing claims that police officers
21 acted negligently when making discretionary decisions in the course of their official duties,
22 state and federal courts have continued to rely on *Landeros*. *See   Clouse ex rel. Clouse v.*
23 *State*, 199 Ariz. 196, 16 P.3d 757, (2001), *Marlowe v. Pinal Cty.*, 2008 WL 4264724 (D.
24 Ariz. 2008).

25       Since police officers are not liable for mere negligence when arresting civilians, Count
26 Two is dismissed without prejudice. As Defendants acknowledge, police officers whose
27 conduct constitutes gross negligence can be liable to arrestees under Arizona law. *Cullison*
28 *v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978). Plaintiff has requested and is granted

leave to amend his complaint to allege that the officers' conduct constituted gross negligence.

**C.     Count Three – Civil Rights**

### 1.     Officers Guilford and Phillips

Plaintiff claims that Officers Guilford and Phillips seized him in violation of the Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment. (Doc. 7 ¶ 34).[1] "To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege] that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Plaintiff states that the officers stopped his car based upon their opinion that he "looked Mexican." (Doc. 7 ¶ 12). Defendant states that Plaintiff has failed to allege that "the officers did not have a reasonable, good faith belief that he was the subject of the warrant." (Doc. 14). In section 1983 actions, the existence of probable cause generally is a question for the jury. *See De Anda v. City of Long Beach*, 7 F.3d 1418, 1422 (9th Cir. 1993) (citing *Smiddy v. Varney*, 665 F.2d 261, 265 (9th Cir. 1981), *cert. denied*, 459 U.S. 829 (1982)). Taking Plaintiff's statements to be true, and once again declining to take judicial notice of Defendants' exhibit, Plaintiff argues that Officers Guilford and Phillips arrested him without probable cause. Such an arrest violates the Fourth and Fourteenth Amendments and therefore states a claim under § 1983 that the officers, in their individual capacity, deprived Plaintiff of his constitutional rights.

### 2.     City of Phoenix

Additionally, Plaintiff attributes the alleged Fourth Amendment violation to the City of Phoenix. (Doc. 7, ¶ 34). "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658,

---

[1] Although Plaintiff does not cite to 42 U.S.C. § 1983, he appears to be asserting a claim under that statute.

- 7 -

1  694–95 (1978) (emphasis in original)). "[I]t is not enough for a § 1983 plaintiff merely to
2  identify conduct properly attributable to the municipality. The plaintiff must also demonstrate
3  that, through its *deliberate* conduct, the municipality was the 'moving force' behind the
4  injury alleged.  That is, a plaintiff must show that the municipal action was taken with the
5  requisite degree of culpability and must demonstrate a direct causal link between the
6  municipal action and the deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty.*
7  *v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

8        Plaintiff acknowledges that he has failed to allege sufficient facts that the violation
9  he suffered was the result of a municipal policy. (Doc. 15) Therefore his claim against the
10 City of Phoenix under Count Three is dismissed without prejudice.

11       **D.**    **Count Four - Negligent Hiring, Supervision, and/or Retention**

12       Finally, Plaintiff alleges that the City of Phoenix is liable under a theory of negligent
13 hiring, supervision, and/or retention of Officers Guilford and Phillips. Plaintiff acknowledges
14 that he has not pled facts sufficient to state a claim of negligent hiring, supervision, or
15 retention against the City of Phoenix. (Doc. 15). This claim is therefore dismissed without
16 prejudice.

17                                **CONCLUSION**

18       Although the Defendant has provided a public record and Plaintiff has countered with
19 an affidavit, this Order has not considered any material beyond that which is provided in the
20 complaint. *Hal Roach Studios,* 896 F.2d at 1550. In that complaint, Plaintiff properly alleges
21 that Officers Guilford and Phillips detained him without consent or legal authority, stating
22 a claim for false imprisonment. *Slade*, 112 Ariz. at 300. His claim that the officers were
23 negligent in failing to conduct an adequate investigation as to whether he was the subject of
24 a warrant fails, because police officers conducting arrests are not liable for harm caused by
25 mere negligence. Likewise, his allegations that the officers lacked probable cause to arrest
26 him and therefore deprived him of rights under the Fourth Amendment states a § 1983 claim
27 against the officers in their individual capacity. His allegations that the officers' conduct was
28 pursuant to a pattern or practice of the City of Phoenix, and that the City of Phoenix was

negligent in hiring, training, supervising, or retaining them do not state a claim of action, and are therefore dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is **GRANTED** in part and **DENIED** in part. Count One survives dismissal in its entirety, and Count Three survives dismissal with regard to the officers acting in their individual capacity. Count Two with regard to the officers and the City of Phoenix, and Count Three and Count Four with regard to the City of Phoenix are hereby dismissed without prejudice.

DATED this 13th day of September, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge